# EXHIBIT "A"
## *(State Court Pleadings)*

STATE OF SOUTH CAROLINA )        **IN THE COURT OF COMMON PLEAS**

COUNTY OF RICHLAND )

     )

     )        **CIVIL ACTION COVERSHEET**

Tower Street Capital Management, Inc., )

                     **Plaintiff(s)** )        2017-CP - 40- **03418**

     )

              vs. )

     )

KnightBrook Insurance Company, )

                  **Defendant(s)** )

| | |
|---|---|
| **Submitted By:** Thornwell F. Sowell, III | SC Bar #:      5197 |
| **Address:**    Sowell Gray Robinson Stepp & Laffitte, LLC | Telephone #:   (803) 929-1400 |
|            1310 Gadsden Street (29201) | Fax #:         (803) 929-0336 |
|            Post Office Box 11449 | Other: |
|            Columbia, South Carolina 29211 | E-mail:     bsowell@sowellgray.com |

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION *(Check all that apply)*
### *If Action is Judgment/Settlement do not complete*

☐ JURY TRIAL demanded in complaint.    ☒ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION *(Check One Box Below)*

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☒ Breach of Contract (140) | 20____ -CP-____-_____ | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Notice/ File Med Mal (230) | ☐ Personal Injury (350) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured | ☐ Worker's Comp (960) |
| | |     Settlement Payment Rights | ☐ Zoning Board (970) |
| | |     Application (760) | ☐ Public Service Comm. (990) |
| | | | ☐ Employment Security Comm (991) |

| Special/Complex /Other | | | |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Confession of Judgment (770) | |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | ☐ Petition for Workers | |
| | |     Compensation Settlement | |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) |     Approval (780) | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in | ☐ Other (799) | ☐ Other (999) |
| |     an Out-of-County Action (660) | | |
| | ☐ Sexual Predator (510) | | |

**Submitting Party Signature:** _J.F. Sowell III_        **Date:** June 2, 2017

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

## FOR MANDATED ADR COUNTIES ONLY

Allendale, Anderson, Beaufort, Clarendon, Colleton, Florence, Greenville, Hampton, Horry,
Jasper, Lee, Lexington, Pickens (Family Court Only), Richland, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE
DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

   a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

   b. Requests for temporary relief;

   c. Appeals

   d. Post Conviction relief matters;

   e. Contempt of Court proceedings;

   f. Forfeiture proceedings brought by governmental entities;

   g. Mortgage foreclosures; and

   h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** **You must comply with the Supreme Court Rules regarding ADR.**
**Failure to do so may affect your case or may result in sanctions.**

SCCA / 234 (04/2012)                                                    Page 2 of 2

| | | | |
|---|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS | |
| | ) | | |
| COUNTY OF RICHLAND | ) | FOR THE FIFTH JUDICIAL CIRCUIT | |
| | | | |
| Tower Street Capital Management, Inc., | ) | Civil Action No.: 2017-CP-40-_____ | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| vs. | ) | **SUMMONS** | |
| | ) | | |
| KnightBrook Insurance Company, | ) | | |
| | ) | | |
| Defendant. | ) | | |
| | ) | | |

**TO:    THE DEFENDANTS ABOVE NAMED:**

YOU ARE HEREBY SUMMONED  and required to answer the complaint in the above-captioned action, a copy of which is herewith served upon you, and to serve a copy of your answer on the subscribers located at 1310 Gadsden Street, Post Office Box 11449, Columbia, South Carolina 29211, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the complaint.

SOWELL GRAY ROBINSON STEPP & LAFFITTE, LLC

By: _____

Thornwell F. Sowell III, SC Bar No. 5197
Bess J. DuRant, SC Bar No. 77920
1310 Gadsden Street (29201)
Post Office Box 11449
Columbia, South Carolina 29211
(803) 929-1400

*Attorneys for Plaintiff*

Columbia, South Carolina
June 2, 2017

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF RICHLAND | ) | FOR THE FIFTH JUDICIAL CIRCUIT |
| | ) | |
| Tower Street Capital Management, Inc., | ) | Civil Action No.: 2017-CP-40- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **COMPLAINT** |
| KnightBrook Insurance Company | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Tower Street Capital Management, Inc. ("Plaintiff" or "Tower") alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff Tower Street Capital Management, Inc. is a South Carolina statutory close corporation with its principal place of business in Richland County, South Carolina.

2.    Defendant KnightBrook Insurance Company ("Defendant" or "KnightBrook") is a corporation organized under the laws of the State of Delaware, with its principal place of business in Los Angeles, California, and is doing business in the State of South Carolina.

3.    Plaintiff and Defendant entered into a contract on December 14, 2011 entitled the Finder's Fee Agreement, which provides that the parties agreed to exclusive jurisdiction in the State of South Carolina.  A copy of the Finder's Fee Agreement is attached hereto as **Exhibit A**.

4.    Jurisdiction and venue in this Court are proper.

## FACTS

5.    Plaintiff and Defendant are businesses engaged in the insurance industry.

6.     Pursuant to the terms of the Finder's Fee Agreement, Plaintiff introduced Defendant to DGU Insurance Associates for Defendant to serve as a new program administrator's insurance carrier.

7.     In exchange for these services, Plaintiff is to be compensated pursuant to the terms of the Finder's Fee Agreement.

8.     Defendant has stopped paying Plaintiff pursuant to the terms of the Finder's Fee Agreement.

9.     Defendant has breached the Finder's Fee Agreement by failing to make payments when they are due and owing.

10.     Defendant has stated that it does not intend and will not honor the Finder's Fee Agreement.

## FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

11.     Plaintiff realleges and incorporates herein by reference the allegations set forth above and not inconsistent herewith.

12.     Defendant entered into a valid and enforceable contract with Plaintiff whereby Plaintiff agreed to provide services to Defendant, and Defendant agreed to pay Plaintiff for those services.

13.     Plaintiff provided the services.

14.     Defendant has stopped paying Plaintiff for those services, despite its agreement to do so in the Finder's Fee Agreement.

15.     Defendant's failure to pay Plaintiff constitutes a breach of contract.

16.     As a result of this breach of contract, Plaintiff has suffered damages and Plaintiff is entitled to an award of actual damages, both past and future.

2

### FOR A SECOND CAUSE OF ACTION
(Attorney's Fees and Costs)

17.    Plaintiff realleges and incorporates herein by reference the allegations set forth above and not inconsistent herewith.

18.    In the Finder's Fee Agreement, Defendant agreed to pay for all reasonable attorney's fees, expenses, and court costs in connection with pursuing this claim.

19.    Therefore, Plaintiff is entitled to all reasonable attorney's fees, expenses, and costs incurred in connection with this lawsuit.

WHEREFORE, Plaintiff Tower Street Capital Management, Inc. prays for judgment against Defendant KnightBrook Insurance Company for all damages proven, for costs, attorney's fees, prejudgment interest, and for such other relief as the Court deems just and proper.

SOWELL GRAY ROBINSON STEPP & LAFFITTE, LLC

By: _____

Thornwell F. Sowell III, SC Bar No. 5197
Bess J. DuRant, SC Bar No. 77920
1310 Gadsden Street (29201)
Post Office Box 11449
Columbia, South Carolina 29211
(803) 929-1400

*Attorneys for Plaintiff Tower Street Capital Management, Inc.*

Columbia, South Carolina
June 2, 2017

3

*Tower Street Capital Management, Inc. v. KnightBrook Insurance Company*

# EXHIBIT A
# Finder's Fee Agreement

# TOWER STREET CAPITAL MANAGEMENT

1205 West Colonial Life Boulevard, Columbia, SC 29210 (803) 397-4814

December 14, 2011

Mr. Eric D. Jarvis
4751 Wilshire Blvd.
Los Angeles, CA 90010

**REF: FINDER'S FEE AGREEMENT**

Dear Mr. Jarvis:

This Fee Agreement is entered into as of December 14, 2011 (this "Agreement") by and between KnightBrook Insurance Company and affiliate companies ("KnightBrook"), having its principal place of business at 4751 Wilshire Boulevard, Los Angeles, CA 90010 AND Tower Street Capital Management, Inc. ("Finder"), having its principal place of business at 1205 W. Colonial Life Blvd, Columbia, SC 29210.

**WHEREAS,** the FINDER lead KNIGHTBROOK to DGU Insurance Associates ("program administrator") who is seeking a carrier to take risk on two insurance programs (Equity Protection Program & Second Mortgage Protection Program)

**WHEREAS,** FINDER's introduction leads KNIGHTBROOK to program administrator to serve as the new program administrator's insurance carrier; and

**WHEREAS,** KNIGHTBROOK agrees to compensate FINDER for the introduction services provided.

**NOW, THEREFORE,** in consideration of the promises and mutual covenants set forth herein, the parties agree as follows:

1. In exchange for identifying and introducing KNIGHTBROOK to the program administrator, where KNIGHTBROOK will act as the at-risk carrier for the new program administrator, defined as the transaction ("Transaction"), KNIGHTBROOK shall pay FINDER a fee per the following schedule until the time that Knightbrook Agency (as provisionally identified as "Newco" in the Letter of Intent dated 9/1/11 and agreed to by Cone & Boylston and Knightbrook) is established. At such time Cone & Boylston will continue to be compensated for the Transaction, but subject to the Newco operating agreement.  Until that time, KNIGHTBROOK agrees to pay:

   • 2% of the Gross Written Premium on both programs

TOWER STREET CAPITAL MANAGEMENT, INC.

2.  KNIGHTBROOK acknowledges the following:

    a.  FINDER has not conducted any due diligence with respect to the program administrator or the owners thereof;
    b.  All information provided to KNIGHTBROOK which pertains to the program administrator has been prepared by the program administrator without any independent verification by FINDER; and
    c.  FINDER makes no representation or warranty as to the accuracy of any information prepared by the program administrator or as to whether KNIGHTBROOK will be suitable to act as a purchase for any potential program administrator.

3.  This Agreement represents the entire agreement of the parties and supersedes any and all prior or contemporaneous written or oral agreements between KNIGHTBROOK and FINDER. This agreement may not be amended except in writing and signed by both parties.

4.  This Agreement shall be binding on the heirs, assigns, and successors of both KNIGHTBROOK and FINDER, respectively.

5.  KNIGHTBROOK and FINDER understand and agree that neither party shall be considered to be the agent of the other for any purpose whatsoever and that neither has the authority to enter into any contract, assume any obligation or to make any warranties or representations on behalf of the other.

6.  KNIGHTBROOK agrees to indemnify and save FINDER, its affiliates and all respective directors, officers, employees, and agents (collectively, the "Indemnified Parties" and individually, an "Indemnified Party") harmless from and against any and all losses, claims actions, suits, proceedings, damages, judgments, assessments, demands, costs, expenses, and other liabilities of whatsoever nature or kind, and KNIGHTBROOK will reimburse each such Indemnified Party for all reasonable fees and expenses (including, without limitation, reasonable attorney's fees and expenses, and court costs) as they are incurred in investigating, preparing, pursuing, or defending any claim, action, suit, proceeding or investigation, whether or not an Indemnified Party is a party, relating to or arising out of or in connection with (i) the introduction services rendered by an Indemnified Party pursuant to this Agreement, any Transaction introduction services; (ii) actions taken by or omitted to be taken by KNIGHTBROOK or any affiliates, employees, directors, officers, partners, representatives, or agents of KNIGHTBROOK in connection with any Transaction contemplated by this Agreement, and (iii) any untrue statement or alleged untrue statement of a material fact contained in any document furnished by KNIGHTBROOK to the program administrator, and any omission therein, in light of the circumstances under which they are made, not misleading.

7.  The term of this Agreement shall commence at the date first written above between KNIGHTBROOK and FINDER.  Notwithstanding the foregoing, either party may terminate this Agreement upon ten (10) days prior notice to the other party.  However, KNIGHTBROOK's obligations pursuant to paragraphs 1, 2, 6, and 7 hereof will survive the completion of our engagement hereunder in accordance with the terms of those respective paragraphs, any withdrawal or termination of any Transaction or decision not to proceed with any Transaction or the expiry or other termination or purported termination of this Agreement.

8.  This Agreement shall be governed by and construed in accordance with the laws of the State of South Carolina, without regard to the application of principles of conflict of laws of that State. The parties hereby agree to the exclusive jurisdiction of any state or federal court located in the State of South Carolina for the resolution of any disputes raising issues regarding the construction, meaning or enforcement of the terms of this agreement and waive any objection that (i) either court is an inappropriate or inconvenient forum to resolve such disputes, or (ii) that either court lacks personal jurisdiction over it.  In addition, the parties hereby mutually agree to waive any rights they may otherwise have to trial by jury of any and all such claims.

If you are in agreement with the outline above, please sign below and return to us at your earliest convenience.

If you have any questions, please let us know.

Sincerely,

Madison Cone
President
Tower Street Capital Management

Agreed: _____    Date: /-/7-/2
Eric D. Jarvis
President
KnightBrook Insurance Company

TOWER STREET CAPITAL MANAGEMENT, INC.